Julius R. Lippman, J.
This is a suit by the plaintiffs to recover an amount of money which was held in escrow in connection with the sale of a house in the Village of Rockville Centre.
*444 Coleman Paul and Hadassah Paul, as purchasers, entered into a contract with ¡Caroline Keating and Edmund J. Keating as sellers of certain premises in Rockville Centre. Pratt, Mclnnes & Pratt represented the Keatings on the sale of the house. There was a provision in the contract which read as follows: “premises constitute a legal two-family house”.
At the closing it developed.that the title company raised a question with respect to the status of the building as a two-family dwelling, and as a result thereof an agreement was entered into between the purchasers and the sellers that $3,000 would be held in escrow by Pratt, Mclnnes & Pratt, attorneys for the sellers. The sellers were to obtain a certificate of occupancy before July 21, 1969, or any other written approval by the Building Department of the Village of Rockville Centre that the said premises was designated as a legal two-family dwelling.
The question to be resolved is whether a nonconforming two-family dwelling constitutes a legal two-family dwelling. A review of the cases on this subject does not reveal a definition of a “ legal ” two-family house as opposed to a nonconforming two-family dwelling. The court must, therefore, turn to the intent of the parties and decide what was contemplated by the original contract and the escrow agreement.
It is noted that the plaintiffs were apparently willing to purchase the premises for $3,000 less even if the premises could not be used as a two-family residence. It appears that what was contemplated by both parties is that the plaintiffs were purchasing a dwelling which could be used for housing two families regardless of the words of classification assigned to it by the Building Department. It appears from the written approval and classification procured from the Building Department that the plaintiff purchasers will be able to use the premises as a two-family house without being in violation of the ordinances of the Village of Rockville Centre.
The plaintiff argues that this would be less than he bargained for because he could now lose his nonconforming use if the use of the premises as a two-family house is discontinued for more than a year or if the premises is 50% destroyed by fire. This argument is not persuasive; the plaintiff purchasers would be in the very same position if they had purchased the house at a time when the area was zoned for a two-family residence and immediately thereafter the area was rezoned for single family dwellings only. The plaintiff purchasers in that situation would also run the risk of losing their nonconforming use if the premises were destroyed by fire or if use is discontinued for more *445 than a year. There is no way that plaintiff can have a lifetime guarantee.
It is the decision of this court that the intention of the parties was that the premises could he legally used as a two-family house. If the plaintiff wanted to he more particular in restricting the type of classification he would have to accept, he should have specified that in the contract and the escrow agreement.
Judgment is rendered in favor of the defendants as against the plaintiffs, and the cross claim of defendants Pratt, Mclnnes & Pratt is dismissed.